UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRIKANTH SREEDHAR,<br><br>                             Plaintiff,<br><br>               -against-<br><br>UNITED STATES GOVT,<br><br>                             Defendant. | 24-CV-7440 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question and diversity of citizenship jurisdiction, alleging that the federal government violated his rights from 2008-2014, in New York City, Washington, D.C., and Boston. By order dated October 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who resides in India, alleges that the "Fourth Amendment was violated in Khobragade's case" and queries, "[w]hy was criminal charge pressed against Khobragade but not against my employer given the similarity between my case and the maid's case?" (ECF 1, at 5.) Plaintiff contends that he is a U.S. citizen, who has been "block[ed] . . . access to my home after the employer sent me to Canada assuring me . . . of my return to Boston on completion of the Canadian assignment[.]" (*Id.*) Plaintiff

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

returned to India, because there "[wa]s no work in Boston," . . . [and] gave a timely complaint to the US Consulate in Hyderabad but no action was taken." (*Id.*) Plaintiff contends that his "marks are being displayed on the internet . . . [and] privacy violated." (*Id.*)

>Plaintiff claims that
>
>this is about the US Govt. If the US Govt honors the contract, then I will have basis to ask the employer to honor it. . . . What was the need for the US Govt to send Khobrafade to jail for such silly reasons and even subject her to strip search/cavity search. . . . I watched in horror at the way the US Govt treated Khobragade when the US Govt did nothing when the same happened with me."

(*Id.* at 6.) Plaintiff seeks a review of Khobragade's case and compensation from the United States Government "for false imprisonment." (*Id.*) Plaintiff also seeks to vote, most recently in the November 4, 2024 election.

Court records indicate that Devyani Khobragade was charged in this district with violating various federal criminal statutes, but her motion to dismiss the indictment was granted on the ground of diplomatic immunity. *See United States v. Khobragade*, No. 14-CR-00008 (JGK) (S.D.N.Y. March 12, 2014). Plaintiff includes the docket number for this criminal case, 14-CR-00008, on the first page of his complaint.

## DISCUSSION

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious

conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel. Castillo v. United States*, 715 F. Supp. 2d 452, 457 (S.D.N.Y. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). A claimant may thereafter challenge the agency's final denial in a federal district court by filing an action within six months of the date of the mailing of the notice of final denial by the agency. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a). "[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong,* 575 U.S. 402, 420 (2015).

Plaintiff does not allege any facts suggesting that he seeks to bring a claim under the FTCA or complied with the FTCA's procedural requirements. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). Thus, the Court dismisses Plaintiff's claims against the United States under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts show that he exhausted an FTCA claim he seeks to bring in federal court, the Court grants Plaintiff 30 days' leave to amend his complaint to detail that claim.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  January 31, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge