UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SRIKANTH SREEDHAR,

               Plaintiff,

        -against-

US GOVT.,

               Defendant.

24-CV-7440 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 31, 2025, the Court dismissed this action, brought against the United States of America, under the doctrine of sovereign immunity. The Court granted Plaintiff limited leave to amend his pleading to assert a claim under the Federal Tort Claims Act ("FTCA") and to state facts showing that he complied with the FTCA's procedural requirements. On February 25, 2025, Plaintiff filed an amended complaint, but he did not assert an FTCA claim or indicate that he wished to pursue such a claim in this action. The Court therefore dismisses the amended complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff alleges in his amended complaint, as he did in his original complaint, that he seeks to file documents in a closed criminal matter, *United States v. Khobragade*, No. 14-CR-00008 (JGK) (S.D.N.Y. March 12, 2014). He states that "[t]he purpose of this Amended Complaint is to inform the court that I want to file in docket number 1:14-cr-00008 . . . but the Pro Se Intake Unit created a new Civil Action Case 1:24-cv-07440-LTS. Case 1:24-cv-07440-LTS is not my case."[1] (ECF 20-1, at 12.)

Plaintiff also realleges the same set of facts that he alleged in his original complaint. These allegations concern his former employment. Specifically, he alleges that his "employer was blocking my access to my home in Boston, MA after sending me to Canada on a project. Everybody has the right to free movement and right to return home from work." (*Id.* at 13.) He asserts that this Court has jurisdiction of his claim because "his employer gave assurances to the Canadian Consul General in New York of my return to Boston from Canada and then blocked my access to my home." (*Id.* at 12.)

This Court must dismiss Plaintiff's amended complaint under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As the Court discussed in the January 31, 2025 order, the FTCA does provider a waiver of sovereign immunity for certain claims for monetary

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). For this reason, the Court provided Plaintiff with leave to assert an FTCA claim in an amended complaint and to allege facts showing that he complied with its procedural requirements. The Court's January 31, 2025 order also described in detail those requirements.

Because Plaintiff's amended complaint does not suggest that he intends to bring an FTCA claim in this action, but rather seeks to assert claims in a closed criminal case, the Court dismisses this action for lack of subject matter jurisdiction.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to terminate all pending motions in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: March 4, 2025
New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge